O'Brien Stevens, Crim. Dist. Atty., and E. T. Branch, both of Houston, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

We find in the record no bills of exception.

Officers who searched appellant's place found in the ice box fourteen bottles of beer, and in the attic twenty-two bottles of beer, also two one-gallon jugs, one of which was full of whisky and one about half full of the same liquid. Whisky glasses and other pertinent evidence of the possession of intoxicating liquor were also found. The state introduced a witness who testified that two or three days before the raid mentioned he bought from appellant at the place raided eight bottles of beer and a pint of whisky. The testimony for appellant was an attempted explanation and claim that the liquor found was possessed by another person. The jury have solved these questions against appellant.

The judgment will be affirmed.

### Irvin DAVIS v. STATE.
### No. 15019.

Court of Criminal Appeals of Texas.
Dec. 16, 1931.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

### Tony DAVIS v. STATE.
### No. 15020.

Court of Criminal Appeals of Texas.
Dec. 16, 1931.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for possessing equipment for the manufacture of intoxicating liquor; punishment being one year in the penitentiary.

Appellant has filed his affidavit in this court asking permission to withdraw his appeal.

Pursuant to said request, the appeal is dismissed.